# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

           Plaintiff,

    v.                                             CASE NO. 22-20032-DDC

ERNEST LUCAS,
CHAZ HICKS,
ABRAHAM GALLEGOS,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and
SPENCER ALLEN,

           Defendants.

# SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO DISTRIBUTE AND POSSESS
METHAMPHETAMINE WITH INTENT TO DISTRIBUTE
[21 U.S.C. § 846]**

1

Beginning on or about April 21, 2022 and continuing to on or about July 6, 2022, in the District of Kansas and elsewhere, the defendants,

**ERNEST LUCAS,**
**CHAZ HICKS,**
**ABRAHAM GALLEGOS,**



**SPENCER ALLEN,**

knowingly and intentionally conspired with each other and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a controlled substance, which included the reasonably foreseeable conduct of other members of the conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

In violation of Title 21, United States Code, Section 846.

# COUNT 2

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(B)]**

On or about April 21, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

knowingly and intentionally distributed 5 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

# COUNT 3

**POSSESSION OF A FIREARM**

**IN FURTHERANCE OF DRUG TRAFFICKING**
**[18 U.S.C. § 924(c)]**

On or about April 21, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

knowingly possessed a Glock style pistol with an extended magazine, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of 5 grams or more of methamphetamine as charged in Count 2.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 4

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(B)]**

On or about April 28, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

knowingly and intentionally distributed 5 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 5

**DISTRIBUTION OF METHAMPHETAMINE**
**[21 U.S.C. § 841(a)(1) & (b)(1)(A)]**

On or about May 10, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 6

**POSSESSION OF A FIREARM
IN FURTHERANCE OF DRUG TRAFFICKING
[18 U.S.C. § 924(c)]**

On or about May 10, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

knowingly possessed a Glock style pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of 50 grams or more of methamphetamine as charged in Count 5.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 7

**DISTRIBUTION OF METHAMPHETAMINE
[21 U.S.C. § 841(a)(1) & (b)(1)(A)]**

On or about May 25, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

knowingly and intentionally distributed 50 grams or more of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 8

**POSSESSION OF A FIREARM
IN FURTHERANCE OF DRUG TRAFFICKING
[18 U.S.C. § 924(c)]**

On or about May 25, 2022, in the District of Kansas, the defendant,

**CHAZ HICKS,**

4

knowingly possessed a Glock style pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, distribution of 50 grams or more of methamphetamine as charged in Count 7.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

# COUNT 9

### FELON IN POSSESSION OF A FIREARM
### [18 U.S.C. § 922(g)(1)]

On or about July 6, 2022, in the District of Kansas, the defendant,

### ERNEST LUCAS,

knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: in 2018, Aggravated Battery, in the District Court of Johnson County, District of Kansas, Case No. 18CR505; knowingly possessed a Glock, Model 43X, with serial number: BPYMO99, a firearm, in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

# COUNT 10

### POSSESSION WITH THE INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. § 841(a)(1)&(b)(1)(B)]

On or about July 6, 2022, in the District of Kansas, the defendant,

### ERNEST LUCAS,

knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectible amount of methamphetamine, a controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

1. The allegations contained in Count 1-10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code 2461.

2. Upon conviction of one or more of the offenses set forth in Counts 1-10, and 10 of this Indictment, the defendants,

**ERNEST LUCAS (Counts 1, 9, 10),**
**CHAZ HICKS (Counts 1-8),**
**ABRAHAM GALLEGOS (Count 1),**

**SPENCER ALLEN (Count 1),**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses, including, but not limited to:

    A. Glock Model 43X with serial number BPYM099;
    B. PW Arms, AR Twelve, 12-gauge shotgun with serial number YD-20-07080;
    C. Glock Model 21, .45 caliber pistol with serial number BAHR214;
    D. Taurus, model G3C 9mm pistol with serial number ACB539028;
    E. Taurus, model Judge .45 LC/410 gauge revolver with serial number ET458561;
    F. H&R model 088, 12-gauge with serial number AY560190;

    G.    DPMS model LR-308 308 caliber rifle with serial number 39644K;
    H.    Anderson Manufacturing model AM-15 multi caliber rifle with serial number 21300799;
    I.    unknown bolt action rifle, model M24/47 with serial number D9669;
    J.    a Mosin-Nagant PW Arms model M91/30, 7.62x54R rifle with serial number 031260;
    K.    Zastava CAI, model PAP M9 2PV 7.62x39 rifle with serial number M92PV001122;
    L.    Private made firearm, AR type rifle with Daniel Defense parts (no serial number);
    M.    Smith & Wesson handgun SD9 with serial number FCY8488;
    N.    Smith & Wesson handgun M&P40 with serial number DUP7705;
    O.    CANIK handgun TP-9SF ELITE with serial number 21BH15214;
    P.    SCCY handgun CPX-1 with serial number C138075;
    Q.    556 caliber pistol with no serial number, unknown manufacturer and unknown model;
    R.    ROMARM/CUGIR Draco 762 caliber with serial number DC-6422-10RO;
    S.    HS Produkt handgun, XD45 with serial number XD706029;
    T.    DPMS, model A-15, .556 caliber, rifle with serial number FFA053233; and
    U.    All accompanying ammunition.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

3.    Upon conviction of one or more of the offenses set forth in Counts 1, 2, 4 - 7, and 10, the defendants,

**ERNEST LUCAS (Counts 1 and 10),**
**CHAZ HICKS (Counts 1, 2, 4, 5, and 7),**
**ABRAHAM GALLEGOS (Count 1),**

███████████████████████████

**SPENCER ALLEN (Count 1),**

7

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A. Glock Model 43X with serial number BPYM099;
B. PW Arms, AR Twelve, 12-gauge shotgun with serial number YD-20-07080;
C. Glock Model 21, .45 caliber pistol with serial number BAHR214;
D. Taurus, model G3C 9mm pistol with serial number ACB539028;
E. Taurus, model Judge .45 LC/410 gauge revolver with serial number ET458561;
F. H&R model 088, 12-gauge with serial number AY560190;
G. DPMS model LR-308 308 caliber rifle with serial number 39644K;
H. Anderson Manufacturing model AM-15 multi caliber rifle with serial number 21300799;
I. unknown bolt action rifle, model M24/47 with serial number D9669;
J. a Mosin-Nagant PW Arms model M91/30, 7.62x54R rifle with serial number 031260;
K. Zastava CAI, model PAP M9 2PV 7.62x39 rifle with serial number M92PV001122;
L. Private made firearm, AR type rifle with Daniel Defense parts (no serial number);
M. Smith & Wesson handgun SD9 with serial number FCY8488;
N. Smith & Wesson handgun M&P40 with serial number DUP7705;
O. CANIK handgun TP-9SF ELITE with serial number 21BH15214;
P. SCCY handgun CPX-1 with serial number C138075;
Q. 556 caliber pistol with no serial number, unknown manufacturer and unknown model;
R. ROMARM/CUGIR Draco 762 caliber with serial number DC-6422-10RO;
S. HS Produkt handgun, XD45 with serial number XD706029;
T. DPMS, model A-15, .556 caliber, rifle with serial number FFA053233;
U. All accompanying ammunition;
V. Approximately $11,769 in U.S. currency seized from xxx Ruby Ave, Kansas City, KS;

W. Approximately $1,826 in U.S. currency seized from defendant Gallegos's room located at xxxx E. 65th Street, Kansas City, MO;

X. Approximately $227.10 in U.S. currency seized from defendant ███████'s room located at xxxx E 65th Street, Kansas City, MO; and

Y. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant from the commission of Count 1.

A TRUE BILL.

December 14, 2022                   s/Foreperson
DATE                                FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Michelle McFarlane
MICHELLE MCFARLANE
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Michelle.McFarlane@usdoj.gov
Ks. S. Ct. No. 26824


IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

# PENALTIES

## Counts 1, 5, 7 [21 U.S.C. § 846 & 21 U.S.C. § 841(a)(1) & (b)(1)(A)]

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least five (5) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after two prior convictions for a serious drug felony or a serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than twenty-five (25) years and no more than life.  21 U.S.C. § 841(b)(1)(A).

- A term of supervised release of at least ten (10) years.  21 U.S.C. § 841(b)(1)(A).

- A fine not to exceed $20 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 2, 4, 10 [21 U.S.C. § 841(a)(1) & (b)(1)(B)]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least four (4) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $5 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life.  21 U.S.C. § 841(b)(1)(B).

- A term of supervised release of at least eight (8) years.  21 U.S.C. § 841(b)(1)(B).

- A fine not to exceed $8 million.  21 U.S.C. § 841(b)(1)(B).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 3, 6, 8 [18 U.S.C. § 924(c)]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 9 [18 U.S.C. § 922(g)(1) & 924(a)(2)]**

- Punishable by a term of imprisonment of not more than ten (10) years.  18 U.S.C. § 924(a)(2).

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.