Filed in Open Court

09/09/2025

Skyler B. O'Hara

By _M. Ganett_

Deputy

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | Case No. 22-cr-20032-DDC |
| CHAZ HICKS, | |
| **Defendant.** | |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Michelle McFarlane, and Chaz Hicks, the defendant, personally and by and through his counsel, Jonathan Truesdale, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Third Superseding Indictment charging a violation of 21 U.S.C. § 846, that is, Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Methamphetamine. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Third Superseding Indictment to which he has agreed to plead guilty is not less than 10 years and not more than life imprisonment, a $10,000,000 fine, not less than five years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Beginning in February 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and others started an investigation into criminal activity and methamphetamine trafficking in the Kansas City, Kansas area. An ATF source of information (SOI) provided information that Chaz Hicks was distributing large amounts of methamphetamine.

An ATF undercover officer (UC) purchased methamphetamine from Hicks. On April 21, 2022, the UC purchased two ounces (approximately 56 grams) of 100% pure methamphetamine for $500.00 from Hicks at a location in Kansas City, Kansas. Hicks had a black Glock pistol with an extended magazine in his lap during this buy. On April 28, 2022, the UC purchased two ounces (approximately 57 grams) of 100% pure methamphetamine from Hicks for $500.00 at a location in Kansas City, Kansas. On May 10, 2022, the UC purchased ¼ pound (approximately 90.4 grams) of 100% pure methamphetamine from Hicks for $760.00 at a location in Kansas City, Kansas. Hicks had a Glock pistol on his lap during this buy. On May 25, 2022, the UC purchased approximately 180 grams of 100% pure methamphetamine from Hicks for $1,600.00 at a location in Kansas City, Kansas. Hicks had a Glock pistol on his lap during this buy. All methamphetamine purchased from Hicks has been lab tested and confirmed to be methamphetamine.

ATF observed Hicks frequently visited a house at 875 Ruby Ave in Kansas City, Kansas, including in close proximity to the buy on May 25. The investigation revealed Ernest Lucas lived at 875 Ruby and was Hicks's source of supply for methamphetamine. ATF put up an elevated security camera that allowed investigators to observe the street outside of 875 Ruby Ave on May, 11, 2022. ATF observed individuals engaged in drug trafficking outside the house on a daily basis.

ATF observed two cars, a Ford F-550 and a Gold Chevy Equinox arriving and parking outside of 875 Ruby on a consistent basis. A Kansas City Kansas Police Department (KCKPD) Officer stopped the Equinox on May 12 leaving 875 Ruby. Abraham Gallegos was identified as the driver of the Equinox, and had approximately $6,500 in the car. Utilizing various surveillance methods, ATF determined the F-550 and the Equinox were supplying Ernest Lucas with methamphetamine at 875 Ruby Ave. The individuals driving these cars were seen going directly from 875 Ruby to 3321 Mersington Ave, Kansas City, Missouri. The investigation revealed this house was a likely methamphetamine stash house.

On July 6, 2022, ATF served a search warrant at 875 Ruby Ave. Investigators located twelve firearms, ammunition, over $11,000 in cash, and approximately 274 grams of methamphetamine in various places in the house. Investigators also seized Lucas's cell phone. Also on July 6, 2022, investigators searched 3321 Mersington Ave and found approximately 102 pounds of methamphetamine, eight firearms, electronic scales and other drug paraphernalia in the house. It did not appear anyone was living in the house.

Chaz Hicks knowingly and intentionally agreed and conspired with Ernest Lucas and others to distribute and possess with intent to distribute more than fifty grams of methamphetamine.

3.    **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands

and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a)     to dismiss the remaining counts of the Third Superseding Indictment at the time of sentencing;

(b)     to not file any additional charges against the defendant arising out of the facts forming the basis for the present Third Superseding Indictment;

(c)     to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court

3

determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.    **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7.    **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents:

4

The defendant agrees to the imposition of a forfeiture judgment against him in the amount of $3,360.00, which sum represents proceeds the defendant obtained from Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment and to the forfeiture of the property listed herein and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property and the imposition of a forfeiture judgment shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8.    **Identification of Assets and Agreement Concerning Monetary Penalties.** In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

(a)    Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

> Clerk, U.S. District Court
> 401 N. Market, Room 204
> Wichita, Kansas 67202

(b)    Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

(c)    Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant agrees to execute authorizations for the release of all financial information requested by the United States.

(d)    Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

(e)    Defendant authorizes the United States to file a Notice of Lis Pendens prior to judgment on any real property in which defendant holds an ownership interest.

(f)    Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

(g)    All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

(h)    Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

(i)    Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

(j)    If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

(k)    Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

(l)     Defendant understands that failure to comply with the provisions of this section may constitute a breach of this plea agreement, as outlined in Paragraph 5, above.

9.      **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

10.     **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  The defendant has the burden of establishing an inability to pay the required special assessment.  The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11.     **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including as well as the length and conditions of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline

range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.    **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.    **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14.    **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15.    **Voluntariness of Guilty Plea.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Date: 9/9/25

Michelle McFarlane
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6904
913-551-6541 (fax)
Michelle.McFarlane@usdoj.gov
Kan. S. Ct. No. 26824

*/s/ Ryan J. Huschka (for D. Christopher Oakley)*        Date: 9/8/2025
D. Christopher Oakley
Supervisory Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
913-551-6730
913-551-6541 (fax)
Chris.Oakley@usdoj.gov

Kan. S. Ct. No. 19248

_____          Date: ___09/09/2025___

Chaz Hicks
Defendant

_____          Date: ___09/09/2025___

Jonathan D. Truesdale
Jonathan D. Truesdale, LLC
600 Broadway Boulevard
Suite 460 - Rivergate Building
Kansas City, MO 64105
410-905-5463
Email: jdtrueslaw@gmail.com
Counsel for defendant